UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK M.,

                       Plaintiff,

          v.

KILOLO KIJAKAZI,[1] Acting Commissioner of
  Social Security,

                    Defendant.
_____

**DECISION
and
ORDER**

**20-CV-1119F**
(**consent**)

APPEARANCES:       LAW OFFICES OF KENNETH R. HILLER
                           Attorneys for Plaintiff
                           KENNETH R. HILLER, and
                           SAMANTHA J. VENTURA, of Counsel
                           6000 North Bailey Avenue
                           Suite 1A
                           Amherst, New York  14226

                           TRINI E. ROSS
                           UNITED STATES ATTORNEY
                           Attorney for Defendant
                           Federal Centre
                           138 Delaware Avenue
                           Buffalo, New York  14202
                                  and
                           JOSHUA L. KERSHNER
                           Special Assistant United States Attorney, of Counsel
                           Social Security Administration
                           Office of General Counsel
                           26 Federal Plaza
                           Room 3904
                           New York, New York  10278

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2021, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 14).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 19, 2021 (Dkt. 12), and by Defendant on September 1, 2021 (Dkt. 13).

## BACKGROUND

Plaintiff Derrick M. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on June 15, 2017 for Social Security Disability Insurance ("SSDI") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. ("the Act"), and for Supplemental Security Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Plaintiff alleges he became disabled on March 1, 2015, based on back problems and high blood pressure.  AR[2] at 196, 202, 220, 223. Plaintiff's applications initially were denied on October 2, 2017, AR at 78-99, and at Plaintiff's timely request, AR at 119-20, on February 27, 2019, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Paul Georger ("the ALJ").  AR at 41-77 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Bruce Entelisano, Esq., and vocational expert Josiah Pearson ("the VE").

On April 29, 2019, the ALJ denied Plaintiff's claim, AR at 23-39 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the

---

[2] References to "AR" are to the page numbers of the Administrative Record Defendant electronically filed on February 18, 2021 (Dkt. 10).

Appeals Council.  AR at 176-79.  On June 23, 2020, the Appeals Council denied

Plaintiff's request for review of the ALJ's decision, AR at 1-6, thereby rendering the

ALJ's decision the Commissioner's final determination on the claim.  On August 21,

2020, Plaintiff commenced the instant action seeking judicial review of the ALJ's

decision.

On April 19, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 12)

("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion

for Judgment on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum").  On September

1, 2021, Defendant moved for judgment on the pleadings (Dkt. 13) ("Defendant's

Motion"), attaching the Memorandum of Law in Support of the Commissioner's Motion

for Judgment on the Pleadings and in Opposition to Plaintiff's Motion Pursuant to Local

Rule 5.5 (Dkt. 13-1) ("Defendant's Memorandum").  Filed on October 3, 2021 was

Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 15) ("Plaintiff's

Reply") advising "Plaintiff deems no reply necessary and relies on the original

arguments and authority contained in his primary brief."  Oral argument was deemed

unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is

GRANTED.  The Clerk of Court is directed to close the file.


## **FACTS**[3]

Plaintiff Derrick M. ("Plaintiff"), born May 7, 1957, was 57 year old as of his

alleged disability onset date of March 1, 2015, and 61 years old as of April 29, 2019, the

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

date of the ALJ's decision.  AR at 30, 182, 196, 202, 220.  Plaintiff lives alone in a

house.  AR at 48, 230.  Plaintiff attended school through the 10th grade in regular

classes, obtained a graduate equivalency degree ("GRE"), and attended a BOCES

machinery class, but has not taken or completed any other specialized job training,

trade or vocational school.  AR at 48-49, 224, 292.  Although Plaintiff once worked as a

machine operator lifting and pulling heavy steel molds, an injury to Plaintiff's lower back

sustained at work on June 18, 1990 caused Plaintiff to change professions and perform

clerical work in an office setting.  AR at 62, 231, 292.  Plaintiff's past relevant work

("PRW") includes as a mortgage clerk, a mortgage loan processor, and a policyholder

information clerk, all work that was performed in an office setting.  AR at 225.  Plaintiff

explains that his asserted disability onset date of March 1, 2015 corresponds to the date

his job with a mortgage company was terminated allegedly for missing too much work

because of pain caused by his back condition.  AR at 51, 62-63, 68-69.  Plaintiff last

worked for less than two months as a client liaison for a temporary agency, and stopped

working when he was laid off on December 17, 2016, AR at 224-25, 292, after which

Plaintiff collected unemployment benefits from the fourth quarter of 2016 to the fourth

quarter 2017.  AR at 213.

   Plaintiff describes his daily activities as including watching television, reading,

talking on the phone, eating, sleeping, and sometimes going to the library, dining out

with friends, and attending movies and church.  AR at 59, 230, 234.  Plaintiff needs no

help with personal care, prepares meals several times a week, and performs most

household chores and yard work, AR at 232, and needs no help with the laundry.  AR at

58.  Plaintiff has a driver's license, drives, can go out by himself, and tries to go out

every day.  AR at 48, 233.  Once a week, Plaintiff shops for groceries for an hour.  AR at 58, 233.  Although not prescribed, Plaintiff uses a cane.  AR at 59-60.

Plaintiff obtains primary care at Neighborhood Health Center where his primary care physician is Christopher Biondolillo, M.D. ("Dr. Biondolillo").  AR at 328-56, 372-95.  In connection with his disability benefits applications, on August 10, 2017, Plaintiff underwent a consultative internal medicine examination by David Brauer, M.D. ("Dr. Brauer"), AR at 364-68.  On February 16, 2017, State agency medical consultant D. Miller, D.O. ("Dr. Miller"), reviewed Plaintiff's medical records.  AR at 369-71

**DISCUSSION**

**1.   Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original)).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59.

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity ("SGA"), 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).

The claimant bears the burden of proof for the first four steps of the sequential analysis, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through December 31, 2021, AR at 28, Plaintiff has not engaged in SGA since March 1, 2015, his alleged disability onset date ("DOD"), *id*.,[5] and has the severe impairments of degenerative disc disease of the lumbar spine and hypertension with heart disease, *id*. at 28-29, but that Plaintiff's diagnosed dyslipidemia (imbalance of lipids such as cholesterol and triglycerides), causes no more than a minimal impact on Plaintiff's ability to perform basic work activities and, as such, is a non-severe impairment, *id*. at 29, and that Plaintiff does not have an impairment or combination of impairments, including both severe and non-severe impairments, that meets or is medically equal to the severity of a listed impairment.  *Id*.  The ALJ further found that despite his impairments, Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can only occasionally climb ramps, stairs, ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch or crawl.  AR at 29-34.  The ALJ further determined that based on his RFC, Plaintiff remains capable of performing his PWR as a mortgage clerk, mortgage loan processor, and policyholder information clerk, AR at 34, such that Plaintiff has not been under a disability from March 1, 2015, though the date of the ALJ's decision.  *Id*.

In support of his motion, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence in the record, Plaintiff's Memorandum at 7-9, and the ALJ failed to properly evaluate Plaintiff's subjective complaints.  *Id*. at 9-12.  In opposition, Defendant points to what Defendant maintains is substantial evidence

---

[5] The ALJ considered that although Plaintiff did perform some work after the alleged DOD, because Plaintiff's earnings after March 1, 2015 did not meet the statutory threshold, such work is not considered SGA.  AR at 28.

supporting the ALJ's RFC determination, Defendant's Memorandum at 7-15, and

argues the ALJ properly considered Plaintiff's subjective complaints. *Id*. at 15-19.  In

reply, Plaintiff relies on the arguments made in Plaintiff's Memorandum.  Plaintiff's Reply

at 1.  There is no merit to Plaintiff's arguments.

Insofar as Plaintiff maintains the ALJ's RFC determination is not supported by

substantial evidence in the record, Plaintiff's Memorandum at 7-9, the ALJ relied on,

*inter alia*, Dr. Brauer's consultative examination of August 10, 2017, AR at 31-34

(referencing AR at 365-68), and state-agency review physician Dr. Miller's assessment

of September 14, 2017.  AR at 33 (citing AR at 369-71).  Upon examining Plaintiff on

August 10, 2017, Dr. Brauer reported Plaintiff had a normal gait, could walk on heels

and toes without difficulty, squatting was limited to 40%, stance was normal, Plaintiff

used no assistive devices, did not need help changing for examination or getting on and

off the examination table, and Plaintiff could rise from a chair without difficulty.  AR at 32

(citing AR at 366).  Plaintiff's lumbar spine flexion was only to 45 degrees, but with full

extension, full lateral flexion bilaterally, and full rotary movement bilaterally.  *Id*. (citing

AR at 367).  Bilaterally, straight leg raising test was negative, with full range of motion of

hips, knees and ankles.  *Id*.  Plaintiff was without evidence of sublaxations,

contractures, ankylosis (stiffness), or thickening, joints were stable, nontender, and

without redness, heat, swelling or effusion.  *Id*. (citing AR at 368).  Dr. Brauer diagnosed

Plaintiff with chronic low back pain, hypertension, and hypercholesterolemia, prognosis

was stable, and opined Plaintiff had no limitations to sitting, standing or walking, and a

mild limitation to pushing, pulling, lifting, or carrying heavy objects repetitively because

of chronic low back pain.  *Id*. (citing AR at 368).  The ALJ is permitted to rely on the

opinion of a consultative examiner provided the opinion is supported by and consistent with other evidence in the record.  *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence).

The ALJ also considered that an August 2, 2017 X-ray of Plaintiff's lumbosacral spine, ordered by Dr. Biondolillo, Plaintiff's primary care physician, showed only "mild old anterior wedging at T12," and "mild disc space narrowing of L5-S1."  AR at 31 (citing AR at 363).  The ALJ also considered that Dr. Biondolillo described Plaintiff as having "low back pain with sciatica" which was "stable."  AR at 31 (citing AR at 375). Nevertheless, because Dr. Biondolillo noted some weakness in Plaintiff's left leg, which was consistent with Plaintiff's testimony, the ALJ found the administrative record, as a whole, showed greater limitations than found by Dr. Brauer and, accordingly, incorporated Dr. Biondolillo's treatment notes that Plaintiff into the RFC by limiting Plaintiff to light work[6] with additional postural limitations.  *See* AR at 29, 33-34 (citing AR at 389, 391 (limiting Plaintiff to light work and occasionally climbing stairs, ramps, ladders, ropes, or scaffolds, and occasionally balancing, stooping, kneeling, crouching, or crawling)).

Similarly, Dr. Miller reviewed Plaintiff's medical records and opined Plaintiff could occasionally lift up to 20 lbs. and frequently lift up to 10 lbs., could sit, stand, and walk for six hours in an eight-hour day, occasionally stoop, crouch, and climb stairs, ramps, and scaffolds.  AR at 33 (citing AR at 83-86, 93-97).  It is significant that the relevant

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b) and 416.967(b).

regulations require ALJs consider the opinions of state agency consultants because they are highly qualified experts in Social Security disability evaluations.  20 C.F.R. §§ 404.1513a(b)(1), 404.1527(c) and (e).  Based on the relevant criteria, the opinions of such non-examining sources, including Dr. Miller, can constitute substantial evidence in support of an ALJ's decision.  *Diaz v. Shalala*, 59 F.3d 307, 313 n. 5 (2d Cir. 1995).

Nor was it error for the ALJ to rely on the medical opinions of record, including those of Drs. Brauer and Miller, which pre-date Dr. Biondolillo's subsequent treatment notes pertaining to four appointments between September 2017 and May 2018, because, contrary to Plaintiff's argument, Plaintiff's Memorandum at 7-9, such records do not show a degradation of Plaintiff's back condition with pain radiating to Plaintiff's left leg.  Rather, as Defendant argues, Defendant's Memorandum at 10-13, on September 1, 2017, Dr. Biondolillo saw Plaintiff for his hypertension, at which time he reported Plaintiff had "no other concerns," opined Plaintiff's back pain was stable, and changed Plaintiff's back pain medication only to accommodate Plaintiff's preference for a medication that he did not have to take three times a day.  AR at 394.  At a November 3, 2017 examination, Plaintiff described his back pain to Dr. Biondolillo as it "comes and goes and is about the same as the last visit."  AR at 388.  Dr. Biondolillo again reported Plaintiff's impairment was stable, noting Plaintiff, other than some drowsiness, responded positively to the September 1, 2017 medication change, and Dr. Biondolillo suggested Plaintiff take the medication at night.  *Id*.  On February 6, 2018, in follow-up for his high blood pressure, Plaintiff's back and leg pain is not referenced by Plaintiff or in Dr. Biondolillo's review of Plaintiff's symptoms.  AR at 382.  Finally, Plaintiff's May 6, 2018 treatment notes show Plaintiff complained his pain level was 6 out of 10, in

contrast to the November 3, 2017 appointment where Plaintiff reported the pain medication lowered his intermittent pain to 7 out of 10, and Dr. Biondolillo's review of Plaintiff's symptoms included complaints of back pain, but no leg pain or leg weakness. AR at 375-76, 388.  Accordingly, at none of the four examinations by Dr. Biondolillo occurring after the medical opinions were issued by Drs. Brauer and Miller is there any indication that Plaintiff's back condition was degrading, and the ALJ did not err in failing to obtain another medical opinion after Plaintiff's subsequent medical appointments with his primary care physician.

Nor did the ALJ fail to properly consider Plaintiff's subjective complaints, as Plaintiff argues.  AR at 9-12.  As discussed below, the ALJ adequately addressed Plaintiff's further contentions and determined that Plaintiff's self-reported activities of daily living are inconsistent with Plaintiff's subjective complaints of disabling symptomology, *id*. at 11, limited treatment because of lack of insurance is not evidence supporting the ALJ's decision, *id*. at 11-12, and the evidence does not support Plaintiff's assertions of worsening symptomology of a disabling degree.  *Id*. at 12.

In particular, pain or other symptoms may be important factors contributing to a disability claimant's functional loss and affects a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms."  *Hall v. Astrue*,

677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at \*15 (N.D.N.Y. 2009)).  Nevertheless, the ALJ is permitted to make determinations as to the claimant's subjective complaints and the consistency with the record, and no remand is warranted where the basis for the ALJ's decision including, *inter alia*, the consistency of such subjective complaints with the record, can be gleaned from the record.  *Cichocki v. Astrue*, 534 Fed.Appx. 71, 76 (2d Cir. 2013).  *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (the ALJ "is not require[d] to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)).  Further, "'[b]ecause the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence.'"  *Simmons v. Comm'r of Soc. Sec.*, 2020 WL 4597316, at \*5 (W.D.N.Y. Aug. 10, 2020) (quoting *Baker ex rel. Baker v. Berryhill*, 2018 WL 1173782, at \*5 (W.D.N.Y. Mar. 6, 2018) (internal quotation marks omitted)).  *See Cage v. Comm'r of Soc. Sec.*, 692 F.2d 118, 127 (2d Cir. 2012) (reviewing court must "defer to the Commissioner's resolution of conflicting evidence.").  Moreover, under such deferential standard of review applicable to a district court's review of an ALJ's determination of a social security disability claim, substantial evidence in the record may support two contrary rulings.  *See McIntyre v. Colvin*, 758 F.3d 146, 148 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

In the instant case, the ALJ observed Plaintiff's self-reported activities of daily living, including driving, shopping, doing laundry, watching television, reading, preparing meals, cleaning, tending to personal care, and socializing with friends.  AR at 32-33 (referencing AR at 234-34, 366).  Although by themselves, activities of daily living do not constitute substantial evidence, they are a factor the ALJ may consider in determining whether the plaintiff is disabled.  20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).  The ALJ also considered other factors, including medications and side effects, and treatment.  Although Plaintiff's treatment for his back condition consisted solely of conservative treatment, which Plaintiff attributes to a lack of insurance, the ALJ determined the limited treatment was more properly attributed to the fact that Plaintiff's back condition was considered by relevant medical personnel as mild to moderate, stable, and responded to medication.  AR at 31-34 (Dr. Biondolillo diagnosing Plaintiff's back condition as "stable low back pain with sciatica"; Dr. Brauer noting the "similar mild abnormalities as did Dr. Biondolillo" and describing Plaintiff's long-standing prognosis as "stable"; Dr. Miller's "opinion is also consistent with the record overall").  Nor, as discussed above, Discussion, *supra*, at 11-12, is there any evidence in the record that Plaintiff's back condition was worsening but, rather, only that such condition was stable.

Furthermore, the ALJ considered that Plaintiff reported that after being laid off on March 1, 2015, which is Plaintiff's alleged DOD, Plaintiff worked "for a time at nearly substantial gainful activity levels," AR at 33 (citing 204-08 and 225), and "received unemployment insurance benefits from the fourth quarter 2016 through the fourth quarter 2017, which implies that he certified he was ready, willing and able to work."  AR at 33 (citing 213).  *See Stellmaszyk v. Berryhill*, 2018 WL 4997515, at * 29 (S.D.N.Y.

Sept. 28, 2018) (observing that the claimant applied for unemployment benefits, thereby representing he was able to work, which was "facially inconsistent" with and did not support a disability claim (citing cases)); *Rich v. Comm'r. of Soc. Sec.*, 2009 WL 2923254, at * 1 (W.D.N.Y. Sept. 10, 2009) (noting the plaintiff's receipt of unemployment benefits evidences the ability to work).

Accordingly, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's Decision that Plaintiff is not disabled under the Act.  *See McIntyre*, 758 F.3d at 149 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" (quoting *Brault*, 683 F.3d at 448 (italics in original).  Further, the Supreme Court recently reaffirmed that the threshold for substantial evidence "is not high . . . .  It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __; 139 S.Ct. 1148, 1154 (2019) (internal citation and quotation marks omitted).  Indeed, as noted, *see* Discussion, *supra*, at 6, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (quoting *Brault*, 683 F.3d at 448) (italics in original).  The ALJ's decision that Plaintiff could perform a limited range of light work such that Plaintiff remains capable of performing his PRW, and was not disabled for a continuous 12-month period

commencing March 1, 2015 through the date of the ALJ's decision is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's Motion (Dkt. 13) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       December 28th, 2021
             Buffalo, New York